IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENNILLE MARIE ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security[1] | : | NO. 20-5032 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                    July 22, 2021

Tennille Marie Robinson ("Plaintiff") seeks review of the Commissioner's decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

## I.   PROCEDURAL HISTORY

Plaintiff was born on October 31, 1976, and protectively filed for DIB and SSI on March 14, 2018, alleging disability as of July 1, 2012, due to post-traumatic stress disorder ("PTSD"), agoraphobia, depression, a torn left rotator cuff, a pinched nerve in her lumbar spine, and sciatica. Tr. at 75, 76, 184, 193, 224.[2] After her claims were

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kijakazi should be substituted for Andrew Saul as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] To be entitled to DIB, a claimant must establish that she became disabled on or before his date last insured. Plaintiff's date last insured at the time of her application was September 30, 2015. See tr. at 77.
Plaintiff filed previous claims for benefits in April 2014, which were denied after an administrative hearing in December 2016. Tr. at 77, 87.

denied initially, id. at 102-05, 106-10, she requested a hearing before an administrative law judge ("ALJ"), id. at 111-12, which occurred on June 4, 2019. Id. at 34-65.[3] On July 15, 2019, the ALJ denied Plaintiff's claims. Id. at 15-27. On August 12, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's July 15, 2019 decision the final decision of the Commissioner. 20 C.F.R. §§ 404.1572, 416.972.

Plaintiff initiated this action by filing her complaint on October 11, 2020. Doc. 1. In response to Plaintiff's brief in support of her request for review, see Doc. 14, Defendant filed an uncontested motion for remand to allow further evaluation of Plaintiff's claims, including referral to an ALJ "to further evaluate the medical source opinions and prior administrative medical findings, offer Plaintiff the opportunity for a new hearing, take any action necessary to complete the administrative record resolving the above issues, and issue a new decision." Doc. 15 ¶ 3.[4]

---

[3]The ALJ originally convened the case on March 12, 2019, but continued the matter so that Plaintiff could have counsel present. Tr. at 69.

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

## II.     DISCUSSION

In her Brief and Statement of Issues, Plaintiff challenges the ALJ's consideration of the medical and mental health treatment opinion evidence in the record. Doc. 14 at 2-9.[5] Because remand is uncontested, I will comment only briefly on Plaintiff's arguments.

Review of the record reveals that Plaintiff suffers from tendinosis and an interstitial tear in her left rotator cuff resulting in reduced range of motion of the left shoulder, disc bulging on the left at C3-4, C4-5, C5-6 and midline at C2-3, a central disc protrusion at L5-S1, neck pain caused by a pinched nerve and left cervical radiculopathy, and decreased grip strength on the left. Tr. at 552-55, 563, 677-78, 679, 680, 682-83, 687. Consultative examiner David Klebanoff, M.D., determined that Plaintiff could continuously lift and carry up to 10 pounds, occasionally lift and carry up to 20 pounds, sit for 6 hours in 2-hour increments, and stand and walk for 2 hours each in 30 minute increments. Id. at 557-58.

In addition, Plaintiff has been diagnosed with PTSD, panic disorder, agoraphobia, and unspecified schizophrenia spectrum or other psychotic disorder with a guarded prognosis. Tr. at 545. Her treating psychiatrist, Priyankar Sarkar, M.D., and therapist, Mikala Mitchell, noted that she had extreme limitation in the ability to interact with peers, co-workers, and the public, and a marked limitations in her ability to deal with

---

[5]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 14 at 9-11 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

stress, respond to usual work situations and changes in a routine work setting, and relate predictably in social situations.  Id. at 650-51, 860-61.  Consultative examiner Deborah Van Horn, Ph.D., also found that Plaintiff had marked limitation in all aspects of personal interaction, with the public, supervisors, and co-workers, and in responding to usual work situations and changes in a routine work setting.  Id. at 547-48.

      The ALJ found Dr. Klebanoff's assessment "partially persuasive" and each of the mental health assessments "not very persuasive," tr. at 24-25, but did not adequately explain why.  For example, contrary to the opinions of Plaintiff's treating mental health professionals and the mental health consultative examiner, the ALJ found that Plaintiff had moderate limitations in her ability to interact with others and could have occasional interaction with co-workers, supervisors, and the public.  Id. at 19.  In considering Dr. Van Horn's assessment, the ALJ stated that "there is not enough evidence to support the marked findings" and discounted the assessments of Ms. Mitchell and Dr. Sarkar for the same reason, id. at 24-25, yet the ALJ ignored the fact that Plaintiff's treating mental health professionals and the consultative examiner all found greater limitation in Plaintiff's ability to interact with others than the ALJ did.  This is especially concerning considering the revised regulations applicable to claims filed on or after March 27, 2017, governing the consideration of opinion evidence, which stress the importance of consideration of supportability and consistency with the record as a whole.  See 20 C.F.R. §§ 404.1520c(2), 416.920c(2) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinion . . . to be.").

Because I conclude that remand is necessary to allow the ALJ to further consider the medical and mental health source opinions in light of the governing regulations, consistent with Defendant's plan on remand, see Doc. 15 ¶ 3, I will grant the motion for remand.

## III.    CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TENILLE MARIE ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  20-5032 |

## **O R D E R**

AND NOW, this 22nd day of July 2021, upon consideration of Plaintiff's brief (Doc. 14), Defendant's unopposed Motion to Remand (Doc. 15), and the administrative record (Doc. 11), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY, U.S.M.J.